ELLEN F. ROSENBLUM
Attorney General
ROBERT E. SULLIVAN  #983539
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Robert.Sullivan@doj.state.or.us

Attorneys for Defendants Garth Gulick, M.D.; Thomas Bristol, M.D.; Steve Shelton, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFERY LEWIS HOPKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GARTH GRANT GULICK, M.D.; THOMAS BRISTOL, M.D.; STEVE SHELTON, M.D.,<br><br>　　　　Defendants. | Case No.  2:13-cv-00458-HU<br><br>NOTICE OF SETTLEMENT |

Pursuant to ORS 17.095, the State notifies the court that this action has been settled pursuant to the terms of a Settlement Agreement and Release, a copy of which is attached as Exhibit 1.

　　　　DATED March  28 , 2014.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　ELLEN F. ROSENBLUM
　　　　　　　　　　　　　　　　　　　　Attorney General


　　　　　　　　　　　　　　　　　　　　   s/ Robert E. Sullivan
　　　　　　　　　　　　　　　　　　　　ROBERT E. SULLIVAN #983539
　　　　　　　　　　　　　　　　　　　　Senior Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　Robert.Sullivan@doj.state.or.us
　　　　　　　　　　　　　　　　　　　　Of Attorneys for Defendants

Page 1 -   NOTICE OF SETTLEMENT
　　RS/ssp/5114448-v1
　　　　　　　　　　　　　Department of Justice
　　　　　　　　　　　　　1162 Court Street NE
　　　　　　　　　　　　Salem, OR 97301-4096
　　　　　　　(503) 947-4700 / Fax: (503) 947-4791

ELLEN F. ROSENBLUM
Attorney General
ROBERT E. SULLIVAN #983539
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Robert.Sullivan@doj.state.or.us

Attorneys for Defendants Garth Gulick, M.D.; Thomas Bristol, M.D.; Steve Shelton, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFERY LEWIS HOPKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GARTH GRANT GULICK, M.D.; THOMAS BRISTOL, M.D.; STEVE SHELTON, M.D.,<br><br>　　　　Defendants. | Case No. 2:13-cv-00458-HU<br><br>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS |

　　　　1.　　This action is currently pending in United States District Court, Case No. 2:13-cv-00458-HU.

　　　　2.　　Plaintiff Jeffrey Lewis Hopkins (hereinafter "Plaintiff") is represented by David T. Johnson. Defendants Garth Gulick, M.D., Thomas Bristol, M.D. and Steve Shelton, M.D. (hereinafter "State of Oregon") are represented by Robert E. Sullivan, Senior Assistant Attorney General. The parties have agreed to settle this matter, the terms of which are set forth in this Settlement Agreement and Release of Claims (hereinafter "Agreement").

Page 1 -　SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
　　RS/ssp/4992606-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 1, Page 1 of 10

3. (a) In consideration for payment by the State of Oregon of the sum of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), inclusive of all claimed and unclaimed damages (economic, noneconomic, punitive, or compensatory damages) attorney fees, costs and all forms of liens (medical, hospital, PIP, Medicare or attorney liens), the receipt and sufficiency of which is hereby acknowledged by Plaintiff, individually and for his heirs, executors, administrators, successors and assigns, and all those in interest with him do hereby release, acquit and forever discharge the State of Oregon, and all those in interest with it, including its heirs, successors, trustees, administrators, assigns, officers, current and former employees, attorneys, insurers, agents and all other persons, firms, state or federal agencies, departments, institutions or corporations, liable or who might be claimed to be liable, none of whom admits liability, but each of whom expressly denies liability (hereafter Released Parties), of and from any and all claims whatsoever which exist through the date of this Agreement, including but not limited to all demands, actions, suits, causes of action, obligations, controversies, debts, costs, attorney fees, expenses, all form of damages, damages, losses, judgments, orders, liens and liabilities of any, every and whatever kind or nature, whether in law, equity, or otherwise, whether based in contract, tort, statute, regulation, tariff, rule, indemnification, contribution, or any other theory of recovery, whether known or unknown, whether suspected or unsuspected, which have existed or may have existed, or which do exist or which hereafter shall or may exist, based on any facts, events, or omissions that in any manner or fashion relate to or arise out of Plaintiff's claims with the Released Parties. This includes any and all of Plaintiff's damages, including any damages, injuries and claims which are not anticipated or which develop in the future, and Plaintiff hereby expressly waives and relinquishes any and all rights under any law or statute to the contrary. This release includes any claim arising from the negotiation and execution of this Agreement.

(b) The Defendants shall allocate the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) as their consideration for settlement, along with Defendants' actions to

Page 2 -   SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/ssp/4992606-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 1, Page 2 of 10

establish periodic payments pursuant to a structured payment schedule. The Plaintiff shall receive funds in accordance with Paragraph 4, below. All sums set forth herein constitute damages (other than punitive) on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

    (c) In consideration of the payments set forth in paragraph 3(a) of the Agreement, Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. § 1395y(b)(3)(A). Under no circumstances will the total amount paid by the State of Oregon exceed the total settlement amount set forth in paragraph 3(a).

    (d) The Plaintiff, by his signature below, acknowledges that he understands this settlement may impact, limit or preclude Plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit, and nevertheless wishes to proceed with the settlement.

    (e) Plaintiff further agrees that he shall execute and deliver to the State of Oregon copies of all documents or agreements and do such further acts and things as the State of Oregon may reasonably request when necessary to effectuate the purposes of the Agreement, including but not limited to providing copies of all documents between Plaintiff and Medicare regarding the reduction in the amount owed Medicare for Conditional Payments, either for financial hardship, equity and good conscience, or due to procurement costs, or any other reason.

    Should any person or entity not a party hereto challenge the validity of this Agreement, or any term thereof, pursue recovery of monies from the Released Parties or bring a claim or claims against the Released Parties arising out of 42 U.S.C. § 1395y(b) related to payment for items or services related to the injuries claimed in this action, Plaintiff shall provide to Released Parties such cooperation and assistance as Released Parties may reasonably request in order to resist such a challenge or defend such a claim.

Page 3 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
  RS/ssp/4992606-v1

(f) Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law, including, but not limited to, subrogation or lien claims of Plaintiff's health care providers, insurance carriers (including PIP), state workers' compensation, attorneys, and any federal agency or programs such as Medicare, Medicaid, or Social Security, are the sole and separate obligation of Plaintiff which Plaintiff agrees to pay or otherwise resolve. Plaintiff further hereby covenants to defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

(g) By his signature below, Plaintiff declares under penalty of perjury under the laws of the State of Oregon, that: (1) he is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this lawsuit (or related to the incident giving rise to this lawsuit) or released in this Agreement were submitted to or paid for by Medicare.

4. Payment and Structured Settlement. In consideration of the Release set forth above, the Defendants hereby agree to pay to the Plaintiff ("Payee") as follows:

(a) EIGHT THOUSAND DOLLARS ($8,000.00) shall be disbursed to Plaintiff's Trust Account within one month of settlement. Plaintiff desires to disburse the sum of FIVE THOUSAND DOLLARS ($5,000.00) to his mother and retain the remainder of THREE THOUSAND DOLLARS in his trust account.

(b) SIXTY-SEVEN THOUSAND DOLLARS ($67,000.00) to be used by the Defendants to purchase an annuity and the associated assignment fee, which will be paid by the Defendants to Galaher Settlements and Insurance Services, Inc. (Payor: Liberty Life Assurance Company of Boston, Tax ID No. 04-6076039). Assignment of a future payment obligation in the form of Periodic Payments, payable to Jeffrey Hopkins in the sum of $642.77, payable monthly, guaranteed for 10 years, starting August 1, 2015, with the last guaranteed payment on July 1, 2025.

Page 4 -   SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
         RS/ssp/4992606-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 1, Page 4 of 10

(i) PLAINTIFF'S RIGHTS TO PAYMENTS: The Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff; nor shall the Plaintiff have the power to sell or mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise. Any transfer of the periodic payment is prohibited by the terms of the structured settlement and may otherwise be prohibited or restricted under applicable law. The Plaintiff has been advised to obtain independent professional advice relating to the legal, tax and financial implications of the settlement, including any adverse consequences. Defendants and or Defendants' counsel may not refer an advisor, attorney or firm for such purpose.

(ii) PAYEE'S BENEFICIARY: Any payments to be made after the death of any Payee pursuant to the terms of this Agreement shall be made to such person or entity as shall be designated in writing by the Plaintiff to the Assignee. If no person or entity is so designated by Plaintiff, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. Payee may request a change in beneficiary in writing and delivered to the Assignee. No such designation, nor any subsequent request for change of beneficiary, shall be effective unless it is in writing and delivered to Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

(iii) CONSENT TO QUALIFIED ASSIGNMENT: Plaintiff acknowledges and agrees that the Defendant may make a "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's liability to make the periodic payments set forth in Section 4(b) to Liberty Assignment Corporation (the

Page 5 -   SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/ssp/4992606-v1

"Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendant (whether by Judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation. Any such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant from the Periodic Payments obligation assigned to the Assignee. The Plaintiff recognizes that, in the event of such assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendant shall thereupon become final, irrevocable and absolute.

(iv)    RIGHT TO PURCHASE AN ANNUITY:  The Defendants through their Assignee, reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from Liberty Life Assurance Company of Boston. The annuity premium and fees necessary to fund the aforementioned Periodic Payments is $67,000.00. There are no costs that may be deducted from any of the Periodic Payments. The Defendants or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Defendants or the Assignee may have the annuity carrier mail payments directly to the Payee. The Payee shall be responsible for maintaining a current mailing address for Payee with the annuity issuer.

(v)    DISCHARGE OF OBLIGATION:  The obligation of the Defendant or its Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee. If Payee notifies the Assignee that any check

Page 6 -   SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/ssp/4992606-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 1, Page 6 of 10

or electronic funds transfer was not received, the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuer process a replacement payment.

5. Plaintiff agrees to dismissal of the pending litigation with prejudice authorizing his attorney to execute a Stipulated General Judgment of Dismissal with Prejudice as to all parties and without costs or attorney fees awarded to any party.

6. As evidenced by his signature below, Plaintiff hereby declares that he has read this release and that it is fully understood and voluntarily accepted by him for the purpose of making a full, final and complete settlement, adjustment and compromise of any and all claims, including those arising out of the incident described above, in whatever legal form or theory he might assert the same, whether disputed or otherwise, and in particular including, but not limited by, those matters asserted, or which might have been asserted, in the civil suit identified in paragraph 1.

7. The parties to this agreement agree that all sums set forth herein constitute damages (not punitive damages) on account of personal physical injuries or physical sickness suffered by Plaintiff within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. The parties to this Agreement agree that no party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the payment described in paragraph 3(a) for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. *The State of Oregon, as part of its reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The State of Oregon reserves the right to respond to inquiries by said authorities and to make any additional*

Page 7 -   SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
           RS/ssp/4992606-v1
                                Department of Justice
                                1162 Court Street NE
                                Salem, OR 97301-4096
                                (503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 1, Page 7 of 10

*disclosures requested by the governmental authority or as required by law.* Plaintiff agrees to defend, indemnify, and hold harmless Released Parties from any and all manner of liability if any should be imposed on Released Parties regarding the payment to Plaintiff under this Agreement specified above. Upon receipt of written notification from the State of Oregon that such liability has been imposed by the IRS, the Oregon Department of Revenue, or any other governmental authority and the amount thereof, Plaintiff agrees to fully remit such monies to the demanding entity within thirty (30) days from his receipt of such notification or upon any such terms as the demanding entity may permit. Plaintiff understands that he is solely responsible for the tax consequences of the payments outlined above in paragraph 3(a). Plaintiff agrees not to hold any other party to this Agreement responsible for taxes due and recognizes that he is solely responsible for any resultant tax payments associated with this release.

8. As evidenced by his signature below, Plaintiff represents that he has relied on his own judgment and advice of his own attorney in making this settlement, and that no representations have been made to him by the Released Parties, defense counsel, or State Defendant(s) or their insurer and/or the Department of Administrative Services (Risk Management) personnel.

9. The parties understand and agree that this Agreement represents a full, complete and final compromise, satisfaction and resolution of all of Plaintiff's disputed claims, and Plaintiff acknowledges that he relinquishes his claims voluntarily and knowledgeably.

10. As evidenced by his signature below, Plaintiff understands and agrees that this settlement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties, or any other officer, agent or representative of the State of Oregon, and he expressly agrees that he will not characterize it otherwise to any third party at any time, under any circumstances.

11. As evidenced by his signature below, Plaintiff acknowledges that this Agreement is intended to include and does include all claims against any Released Party not only for all

Page 8 -   SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/ssp/4992606-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT 1, Page 8 of 10

known injuries, losses, and damages, and any further injuries, losses, and damages not now known or anticipated but which may later develop or be discovered, including all effects and consequences thereof. Plaintiff further acknowledges by his signature below that it is his intention in the execution of this Agreement, that it shall be an effective and a full and final settlement of, and bar to each and every claim which he may hereafter have against the Released Parties that arise out of or relate to the civil proceedings identified in paragraph 1 above or that could have been asserted as part of such proceedings.

12. As evidenced by his signature below, Plaintiff further acknowledges if he hereafter discovers facts different from or in addition to the facts which he now knows or believes to be true with respect to the subject matter of this Agreement, it is nevertheless his intention to hereby settle finally any and all claims which now exist or which hereafter may exist between him and the Released Parties arising out of or relating to the civil proceedings identified in paragraph 1 above. In furtherance of such intention, the release herein shall be and will remain in effect as a release, notwithstanding the discovery of any such different or additional facts.

DATED this 19th day of March, 2014.

_____
JEFFREY LEWIS HOPKINS
Plaintiff

Subscribed and sworn to before me this 19th day of March, 2014, in the State of Oregon, County of Marion.



_____
Notary Public for Oregon
My commission expires: 3-8-16

Page 9 -   SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/ssp/4992606-v1

APPROVED AS TO FORM:

DATED this  25th  day of March, 2014.

_____
ROBERT E. SULLIVAN, OSB ##983539
Senior Assistant Attorney General
Attorney for Defendant State of Oregon

DATED this  19th  day of March, 2014.

_____
DAVID T. JOHNSON, OSB#123553
Attorney for Plaintiff

Page 10 -  SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
    RS/ssp/4992606-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791